*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                   516964
_____

In the Matter of the Claim of
    STEPHEN GALLO,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

VILLAGE OF BRONXVILLE POLICE
    DEPARTMENT et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

                    _____

        William O'Brien, State Insurance Fund, White Plains
(Rudolph Rosa Di Sant of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 10, 2012, which ruled that claimant sustained an
accidental injury arising out of and in the course of his
employment.

        Claimant, a police sergeant, filed a claim for workers'
compensation benefits asserting that he suffered a work-related
myocardial infarction on the afternoon of December 18, 2008.  He

testified that he had experienced mild symptoms while exercising that morning and that, after ascending a flight of stairs at work, he began experiencing shortness of breath, chest pain and arm numbness. He then sought treatment at a hospital and was found to have suffered a myocardial infarction. The Workers' Compensation Board ultimately ruled, after a mandatory full Board review, that the infarction was precipitated by the stair climbing, and that it constituted an accident arising out of and in the course of claimant's employment. The employer and its workers' compensation carrier now appeal.

We affirm. "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Doersam v Oswego County Dept. of Social Servs., 171 AD2d 934, 935 [1991], affd for reasons stated below 80 NY2d 775 [1992] [citation omitted]). A heart injury precipitated by work-related physical strain is compensable, even if "a pre-existing pathology may have been a contributing factor" and the physical exertion was no more severe than that regularly encountered by the claimant (Matter of Lagona v Starpoint Cent. School, 50 AD2d 236, 237 [1975], affd 40 NY2d 1034 [1976]; see Matter of McCormick v Green Bus Lines, 29 NY2d 246, 248 [1971]; Matter of O'Donnell v Town of Moriah, 58 AD2d 702, 702 [1977]). In this case, two cardiologists who examined claimant and reviewed his medical history, including the initial hospital report stating that claimant felt chest pressure and pain at the gym, opined that the stair climbing at work acted upon plaque present due to his pre-existing coronary artery disease to trigger a myocardial infarction. Neither cardiologist saw fit to alter his opinion, despite intimations that claimant may have downplayed the degree of discomfort that he experienced before ascending the stairs. No medical evidence that would call the opinions of those physicians into question was considered by the Board and, as such, substantial evidence in the record supports the Board's determination that claimant's myocardial infarction was causally linked to his employment (see Matter of Brown v Penguin A.C., 113 AD3d 1009, 1009 [2014]; Matter of Boaro v Kings Park Psychiatric Ctr., 104 AD3d 1049, 1050 [2012]).

Lahtinen, J.P., McCarthy, Garry and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court